UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE COLON,

                Petitioner,

    -v-                                      05 cv 07053 (GBD)(GWG)

PEOPLE OF THE STATE OF NEW YORK,        ORDER

                Respondent.

GEORGE B. DANIELS, District Judge:

*Pro se* petitioner filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his July 10, 2002, conviction, by guilty plea in the New York State Supreme Court, Bronx County, to two counts of Murder in the Second Degree. He was sentenced to consecutive sentences totaling thirty years to life imprisonment. Petitioner raised two grounds for relief: (1) ineffective assistance of counsel because his attorney failed to investigate his mental health problems; and (2) that his sentence was excessive. The Court referred this matter to Magistrate Judge Gabriel W. Gorenstein for a Report and Recommendation. Magistrate Judge Gorenstein issued a Report and Recommendation ("Report") in which he found petitioner's claims to be without merit. He recommended that the petition be denied in its entirety.

The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. Where there are no objections, the Court may accept the Report provided there is no clear error on the face of the record. See Nelson v. Smoth, 618 F.Supp. 1186, 1189 (S.D.N.Y. 1985); see also Heisler v. Kralik, 981 F.Supp. 830, 840 (S.D.N.Y. 1997), aff'd, 167 F.3d 618 (2d Cir. 1998). In his report, Magistrate Judge Gorenstein advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections. Neither party filed objections to the Report and the time to do so has expired. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b). After reviewing the Report, the Court finds that the

record is not facially erroneous.

Petitioner claims that counsel was ineffective for failing to examine his medical records, suggesting that such an investigation might have resulted in the use of an insanity defense, a determination that petitioner was not competent to stand trial, or a defense of extreme emotional disturbance under N.Y.P.L. § 125.25(1)(a). Alternatively, petitioner argues that counsel's failure to examine his mental health history denied petitioner of valuable mitigating evidence that could have influenced the course of plea negotiations.

Petitioner's claim that counsel was ineffective for failing to examine his medical records must fail because counsel's representation neither fell below an objective standard of reasonableness nor adversely affected the outcome of the plea agreement. Based on counsel's own observation of petitioner, and conversations with petitioner regarding his understanding of his actions on the day of the murder, it was well within the wide range of professionally competent assistance for counsel to conclude that it was unnecessary to seek additional psychiatric evidence to proffer a defense. Further, given the heinousness of petitioner's crime and the strength of the evidence against him, counsel could have reasonably concluded that it would add nothing to the plea negotiations if counsel were to acquire more details on the nature of petitioner's psychiatric history. In addition, there is no evidence that petitioner suffered from a mental disease or defect which might constitute a defense, or that petitioner was otherwise prejudiced by his attorney's decision not to further investigate his mental health history.

Petitioner's claim that his sentence was excessive is also without merit as thirty years to life imprisonment is not a grossly disproportionate sentence for a conviction for two intentional murders. After reviewing the Report and petitioner's objections, this Court adopts the Report in

its entirety. The petition is therefore dismissed.

Petitioner has not made a substantial showing of the denial of a constitutional right. Therefore, a certificate of appealability will not issue. 28 U.S.C. § 2253; <u>Tankleff v. Senkowski</u>, 135 F.3d 235, 241 (2d Cir. 1998); <u>United States v. Perez</u>, 129 F.3d 255, 259-260 (2d Cir. 1997); <u>Lozada v. United States</u>, 107 F.3d 1011 (2d Cir. 1997). Additionally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. <u>Coppedge v. United States</u>, 369 U.S. 438 (1962).

Dated: October __, 2007 *(stamped: OCT 1 9 2007)*
New York, New York

SO ORDERED:

*/s/ George B. Daniels*
GEORGE B. DANIELS
United States District Judge